**CT Corporation**

**Service of Process Transmittal**
02/05/2021
CT Log Number 539007902

TO:      Renee Martin
         Herc Rentals Inc.
         27500 RIVERVIEW CENTER BLVD, BUILDING 7
         BONITA SPRINGS, FL 34134

RE:      **Process Served in California**

FOR:     Herc Rentals Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HUMBERTO MIRELES, PLTF. vs. HERC RENTALS INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 30202101182604CUOECJC |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/05/2021 at 02:52 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/05/2021, Expected Purge Date: 02/10/2021 |
| | Image SOP |
| | Email Notification,  Renee Martin  renee.martin@hercrentals.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Fri, Feb 5, 2021

**Server Name:**        Dion Jones

| | |
|---|---|
| Entity Served | HERC RENTALS INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 30-2021-01182604-CU-OE-CJC |
| Jurisdiction | CA |



Case 8:21-cv-00428-JLS-KES Document 1-1 Filed 03/08/21 Page 3 of 20 Page ID #:55
Electronically Filed by Superior Court of California, County of Orange, 02/03/2021 04:50:30 PM.
30-2021-01182604-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HERC RENTALS INC., HERC HOLDINGS INC.
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HUMBERTO MIRELES

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2021-01182604-CU-OE-CJC<br>Judge Stephanie George |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel P. Stevens (SBN 164277), STEVENS & McMILLAN, 335 Centennial Way, Tustin, CA 92780  Tel:  (714) 730-1000

| DATE:<br>*(Fecha)* 02/03/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | *Randi Baker* | Randi Baker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HERC RENTALS INC.,

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel P. Stevens (SBN 164277)<br>Stevens & McMillan<br>335 Centennial Way, Tustin, CA 92780 | |

TELEPHONE NO.: (714) 730-1000   FAX NO. *(Optional)*: (714) 730-1067
ATTORNEY FOR *(Name)*: Plaintiff Humberto Mireles

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
HUMBERTO MIRELES v. HERC RENTALS INC., HERC HOLDINGS INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2021-01182604-CU-OE-CJC |
| | | JUDGE: Judge Stephanie George<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

    **Auto Tort**
    [ ] Auto (22)
    [ ] Uninsured motorist (46)
    **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
    [ ] Asbestos (04)
    [ ] Product liability (24)
    [ ] Medical malpractice (45)
    [ ] Other PI/PD/WD (23)
    **Non-PI/PD/WD (Other) Tort**
    [ ] Business tort/unfair business practice (07)
    [ ] Civil rights (08)
    [ ] Defamation (13)
    [ ] Fraud (16)
    [ ] Intellectual property (19)
    [ ] Professional negligence (25)
    [ ] Other non-PI/PD/WD tort (35)
    **Employment**
    [ ] Wrongful termination (36)
    [x] Other employment (15)

    **Contract**
    [ ] Breach of contract/warranty (06)
    [ ] Rule 3.740 collections (09)
    [ ] Other collections (09)
    [ ] Insurance coverage (18)
    [ ] Other contract (37)
    **Real Property**
    [ ] Eminent domain/Inverse condemnation (14)
    [ ] Wrongful eviction (33)
    [ ] Other real property (26)
    **Unlawful Detainer**
    [ ] Commercial (31)
    [ ] Residential (32)
    [ ] Drugs (38)
    **Judicial Review**
    [ ] Asset forfeiture (05)
    [ ] Petition re: arbitration award (11)
    [ ] Writ of mandate (02)
    [ ] Other judicial review (39)

    **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
    [ ] Antitrust/Trade regulation (03)
    [ ] Construction defect (10)
    [ ] Mass tort (40)
    [ ] Securities litigation (28)
    [ ] Environmental/Toxic tort (30)
    [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
    **Enforcement of Judgment**
    [ ] Enforcement of judgment (20)
    **Miscellaneous Civil Complaint**
    [ ] RICO (27)
    [ ] Other complaint *(not specified above)* (42)
    **Miscellaneous Civil Petition**
    [ ] Partnership and corporate governance (21)
    [ ] Other petition *(not specified above)* (43)

2.  This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4.  Number of causes of action *(specify)*: Five (5)
5.  This case [ ] is [x] is not a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 3, 2021

Daniel P. Stevens
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the
ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint,
an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR
and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to
any applicable local court rules and directions for contacting any   court   staff
responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution  programs  funded
under the Dispute Resolutions Program Act    (DRPA),    in    counties    that    are
participating in the DRPA. This information may take the form of a list of   the
applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR
process.

(b) A court may make the ADR Information Package available on its website as long as
paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant
along with the complaint. Cross-complainants must serve a copy of the ADR
Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below. -

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                STATE:            ZIP CODE:<br>TELEPHONE NO.:                       FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
|---|---|

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
|---|---|

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____    _____    _____
                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                     (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

1 | Daniel P. Stevens (164277)
*ken@smcmlaw.com*
2 | Heather McMillan (188939)
*heather@scmclaw.com*
3 | STEVENS & McMILLAN
335 Centennial Way
4 | Tustin, CA 92780
Tel.:   (714) 730-1000
5 | Fax:   (714) 730-1067

6 | Attorneys for Plaintiff
HUMBERTO MIRELES

7

8 | **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10 | HUMBERTO MIRELES, ) Case No.: 30-2021-01182604-CU-OE-CJC
)
11 | Plaintiff, ) Assigned to:   Hon. Stephanie George
) Dept. No.:   C24
12 | v. )
)
13 | HERC RENTALS INC., HERC HOLDINGS ) **STATEMENT OF DAMAGES**
INC. and DOES 1 through 50, inclusive, )
14 | )
Defendants. ) Action Filed:  February 3, 2021
15 | )

16 |     1.    General damages in excess of $5,000,000.

17 |     2.    Economic damages in excess of $5,000,000.

18 |     3.    Punitive damages in excess of $5,000,000.

19

20 |     STEVENS & McMILLAN

21

22 | Dated: February 4, 2021    By:

23 |     DANIEL P. STEVENS
Attorney for Plaintiff
24 |     HUMBERTO MIRELES

25

26

27

28

**1**
**STATEMENT OF DAMAGES**

Case 8:21-cv-00428-JLS-KES Document 1-1 Filed 03/08/21 Page 12 of 20 Page ID #:64
Electronically Filed by Superior Court of California, County of Orange, 02/08/2021 04:30:30 PM
30-2021-01182604-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

Daniel P. Stevens (164277)
*ken@scmclaw.com*
Heather McMillan (188939)
*heather@scmclaw.com*
STEVENS & McMILLAN
335 Centennial Way
Tustin, CA 92780
Tel.:    (714) 730-1000
Fax:    (714) 730-1067

Attorneys for Plaintiff
HUMBERTO MIRELES

## IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| HUMBERTO MIRELES,<br><br>     Plaintiff,<br><br>v.<br><br>HERC RENTALS INC., HERC HOLDINGS INC. and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No.: 30-2021-01182604-CU-OE-CJC<br>Assigned for all purposes<br>Judge Stephanie George<br><br>COMPLAINT FOR DAMAGES<br><br>1.    Family Medical Leave Violation<br>2.    Sick Time Violation<br>3.    Failure to Accommodate<br>4.    Violation of Labor Code §1102.5 [Whistle Blower]<br>5.    Wrongful Termination |

Plaintiff alleges:

1.    At all times mentioned in this complaint, Defendants HERC RENTALS INC and HERC HOLDINGS INC were each, respectively, a corporation, duly licensed, and conducting business in the County of Orange, State of California. .

2.    At all times mentioned in this complaint, Plaintiff HUMBERTO MIRELES was a resident of California.   During the relevant time period, Plaintiff was employed by and then terminated by Defendants.

3.    Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore sue them by those fictitious names.

4.    Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the

1  things alleged in this complaint were acting within the course and scope of that agency and

2  employment or were otherwise responsible for the damages complained of by the Plaintiff.

3  **FACTUAL ALLEGATIONS**

4       5.      Humberto "Lewis" Mireles commenced employment with Herc Rentals in Anaheim

5  on January 14, 2019.

6       6.      On March 18, 2020 Mireles Mireles complained that the COVID supplies were

7  insufficient and that the COVID policies, particularly concerning customers, was unsafe. The Branch

8  Manager said he would not change their policy even though managers at other stores took steps to

9  implement COVID safety procedures. Mr. Mireles was concerned about COVID in that he had

10 allergies and the companies lack of safety caused him to have a panic attack on that date. He saw a

11 doctor and was put on medical leave. HR allowed him to use sick time to cover the leave.

12      7.      Mr. Mireles returned to work on Monday March 30, 2020.  He was still required to

13 meet with customers without proper safety procedures. He had a panic attack on March 31, coughing

14 up blood. He returned to work the next day.

15      8.      Three weeks later, on May 21, 2020, Roy Martinez, the Branch Manager for

16 Anaheim, told Mr. Mireles that he was laying him off due to COVID. However, no one else was laid

17 off and the branch was short handed at the time of the layoff. In addition, he learned that they

18 interviewed three people for his position two days before he was laid off and the job was posted

19 online. Mr. Mireles applied for the position that was online, as well as two others, but was not hired.

20      9.      The plaintiff filed administrative complaints with the Department of Fair Housing and

21 Employment within the statutory time period and received Notices of Case Closure (Right-to-Sue

22 Letters) for each defendant named herein.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**FIRST CAUSE OF ACTION**

(Violation of California Family Rights Act - Gov't Code §12945.2)

(By Plaintiff against All Defendants)

10.     Plaintiff hereby incorporates paragraphs 1 through 9, inclusive, as though fully set forth at this point.

11.     This action is brought pursuant to the California Fair Employment and Practices Act, section 12945.2 of the Government Code and/or the corresponding regulations of the California Fair Employment and Housing Commission, which makes it an unlawful employment practice for an employer to refuse to grant a request by any employee with more than 12 months of service with the employer and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. This section is deemed violated when an employer fails to return an employee to the same or comparable position at the end of the leave or if the employer discriminates against the employee for taking or asking for leave.

12.     At all times mentioned in this complaint, plaintiff was an employee of defendant employers within the meaning of Government Code sections 12926, 12940 and 12945.2. At all times relevant herein, Defendants were and are an "employer" under FEHA, regularly employing five or more employees, respectively, within the meaning of Government Code sections 12926 and 12940.

13.     At all times relevant herein, Defendants, respectively, employed fifty (50) or more employees within a seventy-five (75) mile radius of the facility where plaintiff was employed.

14.     Plaintiff was employed by defendants for at least twelve (12) total months prior to plaintiff's request for leave as alleged more fully herein.

15.     Plaintiff gave defendants at least one thousand two hundred fifty (1,250) hours of service during the twelve (12) month period immediately preceding the request for or commencement of plaintiff's leave.

16.     As is more fully set forth herein, plaintiff took a medical leave.  Defendants unlawfully discriminated and/or retaliated against plaintiff by terminating him in retaliation for

3

1    taking the leave.

2        17.    As a direct and proximate result of defendants' unlawful conduct as alleged in this

3    complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger,

4    tension, anxiety and emotional distress.

5        18.    As a further direct and proximate result of the unlawful conduct, plaintiff has suffered

6    and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other

7    losses.

8        19.    Because plaintiff was discriminated against in violation of the Fair Employment and

9    Housing Act, plaintiff is entitled to recover attorneys' fees and costs in this action pursuant to

10   California Government Code section 12965(b).

11       20.    Because the acts taken toward plaintiff were carried out by defendants acting in a

12   deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage

13   plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount

14   appropriate to punish and make an example of defendants.

15                          **SECOND CAUSE OF ACTION**

16                          (Leaves for Labor Code §230-234, 246.5)

17                          (By Plaintiff against All Defendants)

18       21.    Plaintiff hereby incorporates paragraphs 1 through 20, inclusive, as though fully set

19   forth at this point.

20       22.    This action is brought pursuant to Labor Code Sections 233(c)(d) and 246.5 which

21   prohibits employers from retaliating against employees for taking available sick time for diagnosis,

22   care, or treatment for an existing health care condition, or preventative care, for themselves or their

23   family member.

24       23.    Plaintiff took sick time off and in retaliation the defendant terminated him.

25       24.    Pursuant to the above cited code sections, plaintiff is entitled to reinstatement and

26   actual damages, equitable relief, and an award of attorney's fees.

27   ///

28   ///

**Complaint for Damages**

**THIRD CAUSE OF ACTION**

(Failure to Accommodate -

Gov't Code §12926.1, 12940(a)(m) and (n) )

(By Plaintiff against All Defendants)

25.    Plaintiff hereby incorporates paragraphs 1 through 24, inclusive, as though fully set forth at this point.

26.    This action is brought pursuant to the California Fair Employment and Practices Act, section 12940 and 12926.1 of the Government Code and/or the corresponding regulations of the California Fair Employment and Housing Commission, which makes it an unlawful employment practice for an employer to discriminate against a person with a disability, fail to make reasonable accommodation to a person with a disability, or fail to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations.

27.    As is more fully set forth herein, plaintiff had severe allergies and other health issues. These issues were a disability, but even if they were not, the employer perceived them to be a disability. Plaintiff was able to perform the job with reasonable accommodation.

28.    The company failed to comply with the above sited code sections and regulations when it failed to accommodate the plaintiff, failed to engage in an interactive process to determine a reasonable accommodation, and when they fired the plaintiff.

29.    As a direct and proximate result of defendant's unlawful conduct as alleged in this complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

30.    As a further direct and proximate result of the unlawful conduct, plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

31.    Because plaintiff was discriminated against in violation of the Fair Employment and Housing Act, plaintiff is entitled to recover attorney's fees and costs in this action pursuant to California Government Code section 12965(b).

32.    Because the acts taken toward plaintiff were carried out by defendants acting in a

5

**Complaint for Damages**

1   deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage
2   him, plaintiff requests the assessment of punitive damages against defendants in an amount
3   appropriate to punish and make an example of defendants.

4                             **FOURTH CAUSE OF ACTION**

5                   (Violation of Labor Code 1102.5 - Whistle Blower)

6                        (By Plaintiff against All Defendants)

7        33.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, of this
8   complaint as if fully set forth..

9        34.    This cause of action is brought pursuant to California Labor Code section 1102.5
10   which prohibits an employer from retaliating against an employee for disclosing information to a
11   government or law enforcement agency, where the employee has reasonable cause to believe that the
12   information discloses a violation of law; refusing to participate in an activity that would result in a
13   violation of law; and/or disclosing information to a person with authority over the employee or who
14   has the authority to investigate a violation of law.

15        35.    Plaintiff complained that the defendant was not complying with COVID safety
16   requirements.

17        36.    Defendants discovered that plaintiff made the complaint and retaliated by terminating
18   him.

19        37.    As a direct and proximate result of Defendant's unlawful conduct as alleged in this
20   complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger,
21   tension, anxiety and emotional distress.

22        38.    As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered
23   and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other
24   losses.

25        39.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a
26   deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage
27   plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, in an amount
28   appropriate to punish and make an example of Defendants.

1    40.    Pursuant to California Labor Code section 98.6, plaintiff also seeks the remedy of

2    reinstatement and reimbursement for lost wages from the defendant.

3                              **FIFTH CAUSE OF ACTION**

4                                 (Wrongful Termination)

5                              (By Plaintiff Against All Defendant)

6    41.    Plaintiff hereby incorporates by reference paragraphs 1 through 40, inclusive,

7    as though fully set forth at this point.

8    42.    Plaintiff alleges that the discharge was wrongful because it was in violation of the

9    public policy of the State of California as set forth in California Government Code section 12940

10   et seq., the administrative regulations of the Fair Employment and Housing Act and Article 1, section

11   8 of the Constitution of the State of California, Labor Code Section 6400 (right to work in

12   safe/healthy workplace); Labor Code Section 1102.5 (right to receive earned wages) as set forth more

13   fully herein.

14   43.    As a direct and proximate result of Defendants' unlawful conduct as alleged in

15   this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension,

16   anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

17   44.    As a further direct and proximate result of the unlawful conduct, Plaintiff has

18   suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and

19   other losses.

20   45.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a

21   deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage

22   plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount

23   appropriate to punish and make an example of Defendants.

24   ///

25   ///

26   ///

27   ///

28   ///

**Complaint for Damages**

1       **WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

2   **As to the First and Third Causes of Action:**

3       1.      For general and compensatory damages;

4       2.      For special damages according to proof;

5       3.      For punitive damages;

6       4.      For prejudgment interest on all amounts claimed that are readily ascertainable;

7       5.      For costs and attorneys' fees pursuant to Government Code section 12965(b);  and

8       6.      For such other and further relief that the court considers proper.

9   **As to the Second Cause of Action:**

10      1.      For reinstatement;

11      2.      For actual damages;

12      3.      For equitable relief;

13      4.      For an award of reasonable attorney's fees;

14      4.      For prejudgment interest on all amounts claimed that are readily ascertainable;

15      5.      For such other and further relief that the court considers proper.

16  **As to the Fourth Cause of Action:**

17      1.      For general and compensatory damages;

18      2.      For special damages;

19      4.      Reinstatement and reimbursement for lost wages under Labor Code §98.6;

20      5.      For prejudgment interest on all amounts claimed that are readily ascertainable;

21      6.      For punitive damages; and

22      7.      For such other and further relief that the court considers proper.

23  **As to the Fifth Cause of Action:**

24      1.      For general and compensatory damages;

25      2.      For special damages according to proof;

26      3.      For punitive damages;

27      4.      For prejudgment interest on all amounts claimed that are readily ascertainable;

28  ///

1    5.    For costs; and

2    6.    For such other and further relief that the court considers proper.

3

4                                           STEVENS & McMILLAN

5

6   Dated: February 3, 2021                 By:

7                                           DANIEL P. STEVENS
                                            Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 9

**Complaint for Damages**